UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT



**ANTONIO GENOVESE,**
    **- Plaintiff**


    **v.**                              **CIVIL NO. 03:07-CV-01894 (VLB) (TPS)**

**MICHAEL J. ASTRUE,**
**COMMISSIONER, SOCIAL**
**SECURITY ADMINISTRATION**
    **- Defendant**


## MAGISTRATE JUDGE'S OPINION

The plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying his application for disability benefits. For the reasons set forth below, it is recommended that the case be remanded for a rehearing. 28 U.S.C. § 636(b)(1)(A).

The plaintiff, who is fifty-one years old, received a second grade education in Italy and has difficulty communicating in English. He applied for a period of disability and disability insurance benefits on September 8, 2005, due to a back injury and heart condition. On appeal, the plaintiff asserts that he mistakenly alleged a disability onset date of January 12, 2004 on his application for benefits instead of his true onset date of

1

January, 2005.  The plaintiff's mistake apparently went undiscovered until after the administrative decision.  In his decision to deny benefits, the Administrative Law Judge ("ALJ") relied on the 2004 onset date and concluded that the plaintiff has the ability to engage in substantial gainful work activity.  Specifically, the ALJ found that the plaintiff had substantial earnings in 2004 and continued to work and to seek employment thereafter.  In determining that the plaintiff had the residual functional capacity ("RFC") for light work, the ALJ stated that he did not find the plaintiff's statements concerning the intensity, duration and limiting effects of his impairments credible, reasoning in part that his recent work history and his attempts to find work contradicted his claim of total and permanent disability.

Although the information supplied by the plaintiff as to his last date of work is inconsistent, the record supports the conclusion that he worked as a welder until January, 2005 when he was laid off and thereafter held several temporary positions until February, 2005, which were classified as unsuccessful work attempts.  (Tr. 111-18, 142, 274).  The plaintiff's testimony at the hearing suggests that he had trouble performing the job functions required for the various temporary positions. He further indicated that he continued to look for work through the temporary agency, but that he was unsuccessful in securing further employment due to his physical condition.  (Tr. 37-40, 111-18).

2

It appears that the ALJ's conclusion as to the plaintiff's ability to perform substantial gainful employment was predicated on a mistake that resulted in a mischaracterization of the plaintiff's subsequent work activity; presumably, the plaintiff would not have alleged an onset date a year prior to the date that he ceased steady employment. Moreover, on the basis of his conclusion that the plaintiff was able to engage in substantial gainful work, the ALJ made a series of adverse credibility determinations against the plaintiff and possibly assessed an erroneously high RFC. Although the plaintiff faults the ALJ for not noticing that there was likely an error in the alleged onset date, the plaintiff and his counsel also should have noticed the error. Regardless of whose fault the error was, it is nevertheless an error that may well have unfairly affected the entire outcome of the proceedings. Therefore, given the beneficent purpose of the Social Security Act as well as the rather modest alternative relief sought of a remand, plaintiff's alternative motion for a remand should be granted. It is the Commissioner's function to weigh credibility and make basic factual determinations relating to the award of claims. It is not the court's function to re-weigh the evidence or second guess the ALJ's factual determinations. But the court cannot affirm an administrative decision that may well be the product of a mistake.

On remand, the plaintiff's eligibility for benefits should be determined anew, proceeding from an onset date of January 200<u>5</u>. It

is further noted that the fact that the plaintiff held several different temporary positions until February, 2005 does not necessarily indicate that he is able to perform substantial gainful activity; to the contrary, unsuccessful work may provide evidence of a disability. See 20 C.F.R. § 404.1574(a)(6)(iii)(c). Additionally, that the plaintiff continued to seek employment should not be viewed as undermining plaintiff's credibility, but as evidence of his desire to work.

Accordingly, the plaintiff's motion for remand should be **GRANTED**. [Dkt. # 9]. The parties' competing motions for judgment should be denied. [Dkts. ## 9, 17]. Either party may timely seek review of this recommended ruling in accordance with Rule 72 (b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 72 (b). Failure to do so may bar further review. 28 U.S.C. § 636 (b) (1) (B); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this 18th day of November, 2008.**

**/s/ Thomas P. Smith**
**Thomas P. Smith**
**United States Magistrate Judge**